IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JOAQUIN MORALES VAZQUEZ,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | EP-26-CV-00577-DB | |
| § | | |
| **PAM BONDI**, *Attorney General, et al.*, § | | |
| Respondents. § | | |
| § | | |

## ORDER

On this day, the Court considered the above-captioned case. On March 2, 2026, Petitioner Joaquin Morales Vazquez filed pro se an "Emergency Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, By a Person Subject to Indefinite Immigration Detention, and Motion for Appointment of Counsel," ECF No. 3. Petitioner was detained at the Camp East Montana Detention Facility in El Paso, Texas in the Western District of Texas. *Id.* at 1. On March 10, 2026, Petitioner filed a "Change of Address," ECF No. 10, noting he has a pending habeas petition in this district but has since been "deliberately transferred to the Middle District of Georgia, Stewart Detention Facility in hopes that he would not prevail on habeas relief."

In his Petition, Petitioner argues his detention is unlawful and asks the Court to order his immediate release. ECF No. 3 at 7–10. Petitioner is a Cuban national who entered the United States in 1968. *Id.* at 4. In May 1990, an Immigration Judge ("IJ") ordered Petitioner removed from the United States. *Id*. There are no facts in the record to suggest that Petitioner's final order of removal included any country other than his country of origin, Cuba. After receiving his final order of removal, Petitioner was released pursuant to an Order of Supervision, after spending 570 days in immigration custody. *Id.* Petitioner then spent 23 years on supervision. *Id.* There is no indication Petitioner failed to comply with the terms of his order of supervision. Instead, Respondents assert

that on January 21, 2026, Petitioner was taken into custody by immigration authorities to effectuate his final order of removal. ECF No. 9-1 at 2. Among other things, Petitioner argues his current detention violates his substantive due process rights because he has been in immigration custody since his final order of removal for over 6-months with no significant likelihood of removal to Cuba or a third country. *Id.* at 13–14.

In *Zadvydas v. Davis,* the Supreme Court interpreted Section 1231(a)(6), the provision that allows for post-final order detention beyond the 90-day removal period, to limit post-removal-period detention to a period "reasonably necessary to bring about the alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Court held that post-removal detention for six months is "presumptively reasonable." *Id.* at 701. Beyond six months, if removal is no longer reasonably foreseeable, continued detention is not authorized by the statute. *Id.* at 699. Under *Zadvydas,* if a noncitizen provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future in a habeas corpus petition, the Government must respond with evidence sufficient to rebut that showing. *Id.* at 701.

A. <u>There is no significant likelihood of Petitioner's removal to Cuba in the reasonably foreseeable future.</u>

Petitioner asserts Respondents are unable to remove Petitioner to Cuba because there is no repatriation agreement between the United States and Cuba for political refugees such as Petitioner, and Cuba will not accept political refugee Cubans from the era that Petitioner arrived in the United States who have been ordered removed. ECF No. 3 at 7. Petitioner includes exhibits to support his assertion that the DHS' office of the Inspector General recognizes that Cuba is a country that is uncooperative in repatriation. *Id.* at 2; *see generally id.* at 16–19 (including "DHS Inspector General Report: Cuba's Non-Cooperation in Deportation Proceedings"). The Court finds

Petitioner has met his initial burden. In their Response, Respondents fail to offer any facts or evidence rebutting Petitioner's assertions as to the likelihood of removal to Cuba. ECF No. 9. Respondent's briefing and attached declaration from the acting supervisory detention and deportation officer at El Paso Camp East Montana Detention Facility makes no mention of DHS' efforts to remove Petitioner to Cuba as justification for his current detention. ECF No. 9-1. Accordingly, the Court finds there is no significant likelihood of Petitioner's removal to Cuba in the reasonably foreseeable future, and his current detention is not justified on this basis.

B. <u>There is no significant likelihood of Petitioner's removal to Mexico or any third country in the reasonably foreseeable future.</u>

In his Petition, Petitioner contends removal to a third country is not significantly likely in the reasonably foreseeable future because Respondents "have not been able to obtain any travel documents or find a country to accept him," nor "given notice of which country they have tried to get to accept him." ECF No. 3 at 2. He further alleges any efforts to remove him to a third country without notice and an opportunity to be heard on fear-based claims constitute a violation of his due process rights guaranteed by the Fifth Amendment. *Id.* at 10. In their Response, Respondents do not address the issue of Petitioner's rights as to a third country removal. *See generally* ECF No. 9. Instead, Respondents summarily assert there is a significant likelihood of Petitioner's removal Mexico in the reasonably foreseeable future. *Id.* at 5.

As a threshold matter, Petitioner is correct in asserting he has due process rights that must be afforded before he is removed to a third country, *i.e.* a country that was not previously designated in his underlying removal proceedings. *Sagastizado v. Noem,* 802 F. Supp. 3d 992 (S.D. Tex. 2025). It is indisputable that the Due Process Clause applies to noncitizens in the country in connection with removal proceedings, even if their presence is unlawful or temporary. *Zadvydas*,

533 U.S. at 693. It requires "at a minimum ... that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950). This right to due process applies equally to the initial removal determination and determination of removal withholding relief to an identified third country. *Johnson v. Guzman Chavez*, 594 U.S. 523, 557 (2021) (Breyer, J., dissenting) ("[A]ll here agree that the aliens are legally entitled to seek [ ] withholding-only relief.").

First, as to notice, Petitioner alleges Respondents "have not been able to obtain any travel documents or find a country to accept him," nor "given notice of which country they have tried to get to accept him." *Id.* at 2. In response, Respondents note that on Feburary 21, 2026, they served Petitioner with a notice of removal to Mexico. ECF No. 9-1 at 3. Petitioner refused to sign this notice, but there is no indication that he expressed fear of removal to Mexico. *Id.* On February 25, 2026, Petitioner was taken to the Santa Teresa Port of Entry but refused to exit the holding room into Mexico. *Id.* Petitioner was then transferred back into an immigration detention facility. *Id.* The Court finds Respondents have sufficiently rebutted Petitioner's allegations about notice.

While Respondents provide facts to suggest they did in fact provide Petitioner notice about removal to Mexico, Respondents make no mention they provided any process to adjudicate any fear-based claim. Petitioner asserts he is "entitled to seek fear-based relief from [a third] country, which would require additional proceedings as well." *Id.* Before removal to a third country can be effectuated, the due process clause requires that a noncitizen be afforded the opportunity to raise claims before a neutral adjudicator. *See Mendoza v. Lyons*, No. 1:25-CV-01650-DC-SCR (HC), 2025 WL 3514126 (E.D. Cal. Dec. 8, 2025) (collecting cases where courts have found that

noncitizens have a Due Process right to have fear-based claims for relief from removal to third countries heard by a neutral adjudicator before the removal can be effectuated). In the interest of efficiency, this Court will not delve into the exact procedures that are constitutionally required. It is unnecessary to articulate what would be enough in these circumstances when there are no facts to suggest *any process whatsoever* was afforded to Petitioner. That "there is no indication that [Petitioner] expressed a fear if removal to Mexico" when he was served the Mexico removal notice is insufficient to satisfy Respondents' burden to provide *some* process for Petitioner to raise fear-based claims. Respondents cannot overcome *Zadvydas*'s due process requirements by skipping procedures that are constitutionally due. *See, e.g., Sanchez v. Noem,* No. 5:25-CV-00104, 2025 WL 3760317 (S.D. Tex. Nov. 14, 2025) (finding removal not likely to occur in reasonably foreseeable future after the Court previously found petitioner entitled to immigration judge review of negative fear finding and the Government had failed to facilitate that immigration judge review). Based on the record before the Court, Petitioner's removal to a third country is not significantly likely in the reasonably foreseeable future.

## CONCLUSION

For the reasons stated above, Petitioner has established he is entitled to habeas relief based on *Zadvydas v. Davis* and the Fifth Amendment's Due Process Clause. Accordingly, the Court issues the following orders:

**IT IS HEREBY ORDERED** Petitioner Joaquin Morales Vazquez's "Emergency Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, By a Person Subject to Indefinite Immigration Detention, and Motion for Appointment of Counsel," ECF No. 3, is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody **by no later than March 13, 2026,** subject to the conditions of supervision imposed and complied by Petitioner for 23 years prior to his re-detention on January 21, 2026.

**IT IS FURTHER ORDERED** that Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** a notice informing the Court of its compliance with the preceding order **no later than March 17, 2025**.

**IT IS FURTHER ORDERED** the parties **SHALL CONFER AND FILE** a notice of whether any issues remain to be resolved in this case **no later than March 20, 2026.**

**IT IS FINALLY ORDERED** the District Clerk's Office **SHALL OVERNIGHT MAIL**, a copy of this order to Petitioner Joaquin Morales Vazquez at Stewart Detention Facility, 146 CCA Rd, Lumpkin, GA 31815 or whatever address is on file.

**SIGNED** this **11th** day of **March 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**